ROGERS v. BLUM.

(Supreme Court, Appellate Division, Third Department. July 1, 1915.)

VENUE ☞52—CHANGE—CONVENIENCE OF WITNESSES.

  Plaintiff's and defendant's automobiles collided in Ulster county a few miles from K., where court is held in that county, and each party sued the other. Plaintiff sued in Broome county, where he and those riding with him lived, and defendant in New York county, where he and the occupants of his car resided. Defendant claimed that a person living near the scene of the accident was there immediately after the collision and saw the positions of the automobiles, and that a photographer and a surveyor living near there took photographs and made a survey and were necessary witnesses. Plaintiff claimed that persons living in Broome

were necessary witnesses as to repairs to his car and the value of the car and the damage thereto, but it appeared that he had some considerable repairs made in K., and it was claimed by defendant, and not denied by plaintiff, that the only repairs as to which such witnesses living in Broome were claimed to be necessary consisted of one item of $5. Defendant pleaded his cause of action as a counterclaim, and was willing to discontinue his action if the venue was changed to Ulster county. *Held*, that such change should be made.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. ☞52.]

Appeal from Special Term, Broome County.

Action by Morris N. Rogers against Richard Blum. From an interlocutory order denying a change of venue, and consolidating an action brought by defendant with the one brought by plaintiff, defendant appeals. Reversed, and change of venue granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Wilber, Norman & Kahn, of New York City (T. B. & L. M. Merchant, of Binghamton, of counsel), for appellant.

Wilber & Yetter, of Binghamton, for respondent.

PER CURIAM. A head-on collision of automobiles owned and driven by the respective parties occurred in August, 1914, at a highway bridge known as Lake Bridge, in the town of Mt. Pleasant, in the county of Ulster, N. Y. Each party, claiming that the collision resulted from the negligence of the other in passing to the left of the center of the road, brought an action to recover the damages to his car resulting therefrom. The action brought by the defendant herein was commenced September 11th; the venue being laid in New York county, where he resided. This action was commenced three days later; the venue being laid in Broome county, where the plaintiff herein resided. The answer in the New York action denied the liability of the plaintiff herein for the collision. The answer in this action denied the liability of the defendant herein for the collision, and set up as a separate defense and by way of counterclaim the cause of action set forth in the complaint in the New York action. The defendant herein thereupon made a motion to change the place of trial of this action from the county of Broome to the county of Ulster, upon the ground that the convenience of witnesses and the ends of justice would be promoted thereby, asking in the alternative that all proceedings on the part of the plaintiff in the Broome county action be stayed pending the trial of the New York action, "or for a consolidation of said actions." The Special Term granted an order consolidating the actions, and directing that they be tried as one action, and that Broome county be the venue of the actions so consolidated, and denying the motion to change the place of trial to New York county, and also denying the defendant's application for a stay of proceedings of this action pending the determination of the New York action. From such order this appeal has been taken.

---

It appears that the only eyewitnesses of the collision, with the possible exception of a person mentioned in plaintiff's items of expenses, were the three occupants of the plaintiff's car, each of whom resides in Broome county, and the seven occupants of the defendant's car, each of whom resides in New York county. The defendant claims, however, that one Smith, residing in the town of Mt. Pleasant, was on the scene immediately after the collision, and saw the positions of the automobiles, and can identify the position of defendant's car immediately following the collision as that shown on a photograph taken some time later. The defendant names as necessary witnesses in his behalf on the trial of the action, in addition to said Smith, a photographer residing at Lake Bridge, a surveyor residing at Kingston, N. Y., who respectively took photographs and made a survey of the location of the collision in February, and also six persons, who were in the car with him, by whom he expects to prove that at the time of the collision the defendant was on the right-hand side of the road, with his car under control, while the plaintiff's car was to the left of the center of the highway, and being driven recklessly and at a rapid rate of speed.

Upon the other hand, the plaintiff, in his papers presented in opposition to the motion, names as necessary witnesses his wife and daughter, who were in the car with him, by whom he expects to prove that at the time of the collision the plaintiff was driving his car carefully, at a moderate rate of speed, and was at the right of the center of the highway, while the defendant was at the left of the center, and was driving his car rapidly and recklessly. The plaintiff also names six additional persons residing in the county of Broome as necessary witnesses in his behalf on the trial of the action, by three of whom he expects to prove that they made certain repairs to his car, necessitated by the collision, and the reasonable cost of making the same, and by the other three witnesses that they knew the condition of the car and its value, both before and after the collision, and what the damage to the car amounted to as the result of the occurrence. The plaintiff in his affidavit also calls attention to the difficulties of reaching the county seat of Ulster county by railroad from the city of Binghamton, the place of residence of his family and witnesses.

We think the place of trial should have been changed to the county of Ulster. That was the county in which the occurrence complained of by both parties took place; and the scene of the collision was but a few miles from the city of Kingston, where the courts of the county are held. Furthermore, the bill which was rendered to the defendant under the plaintiff's direction, some 17 days after the collision, as being substantially a statement of the items of the expenses incurred by the plaintiff on account of the accident, contains the following statements:

"Repair bill, Van Benschoken, Kingston, $99.88. Additional payment to employés at garage, $14. Painting car, $90. Bill at Binghamton garage, fixing the steering gear, $5. All the above items have been actually paid by Mr. Rogers, with the exception of the $90 for painting the car. A rough job of painting was done on the car at Kingston, but the paint is much darker than the original color of the car, and repainting is necessary, the cost of which is estimated at $90."

Unquestionably the persons who made the repairs to plaintiff's car at Kingston are material witnesses as to the damage to such car, and warrant the statement in the replying affidavit that it will be necessary for plaintiff to call witnesses on the trial of the action who reside in Ulster county. The replying affidavit also calls attention to the fact that the only repairs specifically mentioned in such bill of items as having been made at Binghamton are the items of $5 for fixing the steering gear and of $90 for repainting the car. The answering affidavit does not particularize as to the repairs made at Binghamton, and if, as defendant suggests, this repair item of $5 is the only item as to which three of such witnesses are claimed to be necessary, such claim hardly warrants consideration.

As to the provision of the order consolidating the actions, the defendant in his notice of motion asked in the alternative for such consolidation, and stated in the affidavit made by him, upon which this motion was founded:

"Deponent is willing to withdraw and discontinue his said action brought in the county of New York, or will consent that the same be consolidated with the said action now pending in the county of Broome brought against him by said Morris N. Rogers, providing the place of trial of said action of Rogers v. Blum be changed from the county of Broome to the county of Ulster."

In his brief before this court the defendant also says:

"The appellant offered and still offers to withdraw and discontinue his action brought in New York county, if a change of venue to Ulster county is granted in the action brought by the respondent in the county of Broome."

The appellant having interposed his cause of action as a counterclaim in this action, it is unnecessary that the respondent should be troubled by the continuance of the New York county action. The order appealed from must be reversed, and an order entered changing the place of trial of this action from the county of Broome to the county of Ulster.

Order appealed from reversed, and place of trial changed from the county of Broome to the county of Ulster, with costs to appellant to abide event, on condition that defendant within 20 days serve a stipulation upon the plaintiff's attorney discontinuing the action brought against the plaintiff by the defendant in New York county, without costs. If he shall fail to serve such stipulation, the order is affirmed, with $10 costs and disbursements. All concur.